UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KRISTEN LEWIS                                                    PLAINTIFF

VS.                                       CIVIL ACTION NO. 3:16CV724TSL-RHW

KROGER LIMITED PARTNERSHIP I
AND THE KROGER CO.                                              DEFENDANTS

ORDER

Plaintiff Kristen Lewis filed this action against defendants The Kroger Company and Kroger Limited Partnership I (Kroger) seeking to recover damages for injuries she sustained in a slip-and-fall at a local Kroger store. Kroger has now moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. In addition, Kroger has filed a motion to strike an affidavit which plaintiff submitted in support of her response to Kroger's summary judgment motion. Lewis has responded in opposition to Kroger's motion for summary judgment, but has not responded to the motion to strike. The court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion to strike should be granted and that the motion for summary judgment should also be granted.

It is undisputed that on July 12, 2015, while shopping at the Kroger store in Byram, Mississippi, Lewis fell in the seafood department and sustained injuries as a result. Kroger contends it is entitled to summary judgment on Lewis's claim against it since she has no evidence tending to show that Kroger created any condition resulting in her slip-and-fall or that Kroger had actual

or constructive knowledge of any allegedly dangerous condition which may have caused her fall.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). At the summary judgment stage, the court must view the evidence in the light most favorable to the non-movant, and it may not make credibility determinations or weigh the evidence. Abarca v. Metro. Transit Auth., 404 F.3d 938, 940 (5th Cir. 2005); Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). Once the moving party shows there is no genuine dispute as to any material fact, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." Harris ex rel. Harris v. Pontotoc Cty. Sch. Dist., 635 F.3d 685, 690 (5th Cir. 2011).

A premises-liability plaintiff is not entitled to recover simply because she fell on the defendant's premises. See Bonner v. Imperial Palace of Miss., LLC, 117 So. 3d 678 at *6

(Miss. App. 2013) ("Mere proof of the occurrence of a fall on a floor within [the] business premises is insufficient to show negligence on the part of the proprietor.") (internal quotation marks and citation omitted). A premises owner is not required to insure against all injuries, even for an invitee such as plaintiff; rather, its duty to an invitee is "to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or [to] warn of dangerous conditions not readily apparent, which the owner or occupant knows of, or should know of, in the exercise of reasonable care." Robinson v. Ratliff, 757 So. 2d 1098, 1101-02 (Miss. Ct. App. 2000). To succeed on her claim, plaintiff

> must prove either that (1) that defendant's own negligence created a dangerous condition which caused plaintiff's injury; (2) that defendant had actual knowledge of a condition which defendant itself did not cause, but defendant failed to adequately warn plaintiff of the danger . . . faced as an invitee; or (3) that, based upon the passage of time, defendant should have known of the dangerous condition caused by another party if defendant had acted reasonably, i.e., constructive knowledge of the condition should be imputed to the defendant.

Vu v. Clayton, 765 So. 2d 1253, 1255 (Miss. 2000) (citations omitted). Plaintiff has failed to present evidence sufficient to create an issue for trial under any of these alternatives.

In her complaint, plaintiff alleged that a "wet substance on the floor" of the Kroger caused her to slip and fall. She charged

3

that Kroger was negligent in that it "maintained said premises in a dangerous and unsafe condition by failing to replace or repair a leaking freezer unit and by failing to clean, sweep and/or mop the affected area where Plaintiff fell" and by failing to warn plaintiff and other customers of the dangerous condition. In her deposition, plaintiff was shown a photograph of the area taken immediately after her fall which depicts a couple of small spots or puddles of liquid and asked whether that "[was] even what she fell in." She responded, "I'm not sure. I just know I fell from something." Asked whether she believed that the display cooler/freezer was leaking, as she had alleged in her complaint, she responded, "I'm not sure." Asked whether she contended Kroger knew there was water on the floor before she fell, she again responded, "I'm not sure." Asked whether she knew what she slipped in, she replied, "Water. I don't know. I mean I ... I don't know." Again asked whether she slipped in the water shown in the photograph, she responded, as she had previously, "I mean I don't know. I know I just slipped. That's all I know." Asked whether what was depicted in the photograph was a puddle, she responded as follows:

    A.  It's something.

    Q.  All right. What do you mean by it's something?

    A.  It's liquid.

4

Q.  All right.  Do you know where it came from?

    A.  No.

    Q.  All right.  Do you know how long it had been there?

    A.  No. ...

    Q.  All right.  Do you know if that water was there at the
    time you fell or that liquid was there at the time you
    fell?

    A.  I don't know.

    ...

    Q.  You've testified you didn't see that puddle of water
    before you fell.

    A.  Yes.

    Q.  And you can't be certain as to whether or not that puddle
    of water came before or after you fell?

    Q.  All right.  Did you see any other liquid on the
    floor other than what's depicted in this photograph?

    A.  No.

    Q.  And you don't know how long that water was on the floor,
    do you?

    A.  No.

Plaintiff further testified:

    Q. ... You didn't see anything that looked like the
    source of the water or where the water came from,
    correct?

    A.  Correct.

    Q.  All right.  And you don't know how the water got there,
    correct?

    A.  Correct.

5

> Q. All right. And you don't know one way or another whether Kroger did anything to put that water there, do you?
> A. Correct. I don't know.

Notwithstanding this testimony, plaintiff submitted an affidavit in response to Kroger's summary judgment motion in which she states as follows:

> 2. After I slipped and fell I noticed I was lying in a wet substance on the floor at Kroger.
>
> 3. My jean shorts were wet from the wet substance that was on the floor and they were wet from the pocket area on my left buttock down the back side of my leg to the lower part of my thigh.
>
> 4. As I lay on the ground in pain and waiting for assistance. (sic) I could feel the wet substance underneath my hands and it appeared to be water coming from underneath the freezer.

Kroger has moved to strike plaintiff's affidavit because it directly contradicts her deposition testimony without any explanation for the contradiction. That motion is well-taken.[1]

The Fifth Circuit has held that a "nonmovant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, his previous testimony." Albertson v. T.J. Stevenson & Co., 749 F.2d 223, 228 (5th Cir. 1984) (citing Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236-37 (7th Cir. 1991) (nonmovant cannot create a genuine issue of material fact by contradicting his own earlier statements

---

[1] Plaintiff did not respond to Kroger's motion to strike.

unless he offers a plausible explanation for the incongruity)). That is precisely what plaintiff has done here. As is clear from her above-quoted testimony, plaintiff was questioned extensively in her deposition about her fall, and she stated consistently and repeatedly that she did not know the nature or source of the substance on which she slipped. More pertinently, she stated that at no time prior to or after the fall did she see any liquid on the floor other than that depicted in the photograph; that she did not know whether that water had been on the floor prior to her fall; and that she did not see anything that looked like the source of the water.[2] The statements in her affidavit obviously contradict this earlier testimony, and plaintiff has offered no explanation for this incongruity. Plaintiff has obviously submitted this affidavit in an attempt to create a fact issue as to Kroger's alleged negligence when one otherwise would not exist, for it is manifest from her deposition testimony – and she has not offered evidence from any other witness – that she cannot show that Kroger caused any liquid to be on the floor, or that Kroger knew or should have known of the presence of any liquid on the floor. Under the circumstances, the court finds that her

---

[2] The court would note, moreover, that the small spots or puddles of liquid shown in the photograph appear to be around one or two feet from the bottom edge of the freezer and clearly did not seep from underneath the freezer, as claimed in plaintiff's affidavit.

7

affidavit should be stricken.  It follows that Kroger is entitled to summary judgment.

Kroger argues that even if the court were to consider plaintiff's affidavit, summary judgment would still be appropriate as plaintiff has failed to produce evidence to show that Kroger caused liquid to be on the floor or that Kroger had actual or constructive notice of any water or other liquid on the floor prior to her fall.  In this regard, to rebut plaintiff's affidavit, Kroger has presented evidence that a Kroger employee, who had been trained to be on the lookout for spills, liquids or debris on the floor, was in the area where plaintiff fell approximately two minutes prior to her fall and did not observe anything on the floor.[3]  In addition, it has presented the affidavit of the seafood department manager, who routinely inspected all the equipment in his department, who stated that he did not find the cooler/freezer cited by plaintiff as a possible source of a leak or to have been leaking at any time before her fall and that he inspected the cooler/freezer after her fall in an effort to determine the source of any water and found that neither it nor any other equipment in the area was leaking or

---

[3] Plaintiff does not contend that Kroger had actual notice of any liquid being on the floor.  She does argue that even if Kroger did not create the condition, it had constructive notice of the condition, as evidenced by the fact that her clothing was wet after she fell.  As Kroger notes in its rebuttal, this contention makes no sense.

8

malfunctioning.  In the court's opinion, given this unequivocal evidence, plaintiff's affidavit, even if considered, would not be sufficient to avoid summary judgment.

Based on the foregoing, it is ordered that Kroger's motions to strike and for summary judgment are granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 13th day of October, 2017.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE